IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE SCOTT, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | No.: |
| v. | : | |
| | : | |
| | : | |
| DUN & BRADSTREET, CORP., KATHY | : | |
| MCPHERSON, TODD DEPREFONTAINE, | : | |
| STEVEN CROWTHER and BRUCE | : | |
| MAXWELL, | : | JURY TRIAL DEMANDED |
|     Defendants. | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Elaine Scott (hereinafter "Scott" or "Plaintiff"). Scott was an employee of Dun & Bradstreet, Corporation (hereinafter "Dun & Bradstreet") in Bethlehem, Pennsylvania, who has been harmed by the discrimination, failure to accommodate a known disability and retaliatory practices as well as other improper conduct by Defendant Dun & Bradstreet and its agents, servants and representatives and the Individual Defendants (hereinafter "Individual Defendants") named herein.

This action is brought under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1100 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2901, *et seq.*, the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*, and Pennsylvania common law.

## II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked pursuant to 28 U.S.C. § 1331 as an action arising out of the laws of the United States, particularly Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and 42 U.S.C. § 12117 (a), which incorporates by reference Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2901, *et seq.* and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1100, *et seq.*

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*, and under Pennsylvania common law.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the claim pursuant to the ADA, Scott filed a Charge of Employment Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 300 days of the unfair employment practice and the Pennsylvania Human Relations Commission ("PHRC") against the Defendant within 180 days of the unfair employment practice. More than one year has

expired from the date of filing of the Complaint of Discrimination with the PHRC. On April 9, 2002, the Equal Employment Opportunity Commission issued a Notice of Right to Sue. This action has been filed within ninety (90) days of receipt of said Notice.

### III. PARTIES

4. Plaintiff, Elaine Scott, is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing at 2060 Westgate Drive, Apt. G-1, Bethlehem, Pennsylvania. Scott all times relevant herein was employed as an Applications Specialist with Dun & Bradstreet.

5. Defendant Dun & Bradstreet Corporation is a New Jersey corporation with a principle place of business at One Diamond Hill Road, Murray Hill, New Jersey, and doing business under the laws of the Commonwealth of Pennsylvania at 899 Eaton Avenue, Bethlehem, Pennsylvania.

6. Defendant Kathy McPherson (hereinafter "McPherson") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action McPherson was a Manager for Defendant Dun & Bradstreet. At all times relevant hereto, Defendant McPherson was an agent, servant workman and/or employee of Defendant Dun & Bradstreet, acting and/or failing to act within the scope, course, and authority of her employment and on the business of her employer, Dun & Bradstreet. At all times relevant, McPherson was acting in her

supervisory and/or personal capacity.

7. Defendant Todd DePrefontaine (hereinafter "DePrefontaine") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action DePrefontaine was a Supervisor for Defendant Dun & Bradstreet. At all times relevant hereto, Defendant DePrefontaine was an agent, servant workman and/or employee of Defendant Dun & Bradstreet, acting and/or failing to act within the scope, course, and authority of his employment and on the business of his employer, Dun & Bradstreet. At all times relevant, DePrefontaine was acting in his supervisory and/or personal capacity.

8. Defendant Steven Crowther (hereinafter "Crowther") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Crowther was the Vice President of Defendant Dun & Bradstreet. At all times relevant hereto, Defendant Crowther was an agent, servant workman and/or employee of Defendant Dun & Bradstreet, acting and/or failing to act within the scope, course, and authority of his employment and upon the business of his employer, Dun & Bradstreet. At all times relevant, Crowther was acting in his supervisory and/or personal capacity.

9. Defendant Bruce Maxwell (hereinafter "Maxwell") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Maxwell was a Manager for Defendant Dun & Bradstreet. At all times relevant hereto,

Defendant Maxwell was an agent, servant workman and/or employee of Defendant Dun & Bradstreet, acting and/or failing to act within the scope, course, and authority of his employment and upon the business of his employer, Dun & Bradstreet. At all times relevant, Maxwell was acting in his supervisory and/or personal capacity.

10. At all time relevant herein, the Individual Defendants were adult individuals residing or doing business within the jurisdiction of this Judicial District in the Commonwealth of Pennsylvania, and except as specifically specified herein, were agents, servants and employees of Dun & Bradstreet, acting within the scope and course of their employment.

11. At all times relevant herein, Dun & Bradstreet has been a "covered entity" under Section 101 (2) of the ADA, 42 U.S. C. § 12111 (2).

12. For all relevant periods, Plaintiff was an "eligible employee" of Dun & Bradstreet as defined under 29 U.S.C. §2611(2).

13. At all relevant times, Dun & Bradstreet was Plaintiff's "employer" as defined in 29 U.S.C. § 2611(4)(a).

14. At all times relevant herein, Dun & Bradstreet was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of Dun & Bradstreet.

15. At all times relevant herein, Dun & Bradstreet has continuously been and is now

doing business in the Commonwealth of Pennsylvania and the City of Bethlehem, and has continuously had at least 20 employees.

16. At all times relevant herein, Scott was an "employee" as defined by the Americans With Disabilities Act, 42 U.S.C. § 12111(4), and is subject to the provisions of said Act.

17. At all times relevant herein, Scott was "disabled" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102 (2), and is subject to the provisions of said Act.

18. At all times relevant herein, Scott was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

19. At all times relevant herein, Dun & Bradstreet was an "employer" and "person" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(5)-(7) and is subject to the provisions of said Act.

20. Dun & Bradstreet has, acting through its agents, servants and representatives, on more than one occasion, met with Scott and was aware of her disability of inoperable tumors, arthritis, depression and other permanent or chronic degenerative orthopedic and/or muscular disease.

21. Dun & Bradstreet has, acting though its agents, servants and representatives, on more than one occasion, failed to accommodate Scott's disability.

IV. <u>STATEMENT OF CLAIM</u>

22. Scott was hired by Dun & Bradstreet on or about January 16, 1999, as an Applications Specialist.

23. Throughout Scott's employment from September 1998 through March 12, 2001, when she was fired by Defendants, Scott maintained a satisfactory work and attendance record with her employer, Dun & Bradstreet.

24. Throughout her employment with Defendant Dun & Bradstreet as an Applications Specialist, Scott's job responsibilities included, *inter alia*, using a telephone and operating a computer.

25. In or about Spring 1999, shortly after Plaintiff was hired by Defendant Dun & Bradstreet, she informed Defendant of her disabilities set forth above.

26. In or about May 1999, Plaintiff informed Defendant McPherson of her disabilities.

27. At that time Plaintiff told several supervisors about her medical conditions, including, but not limited to, Defendants Bruce Maxwell, Steven Crowther and Todd DePrefontaine.

28. Plaintiff informed each of these individuals how her department position was affecting her medical condition.

29. During her entire employment with Defendant Dun & Bradstreet, Plaintiff was

required to work in a department and on accounts that were so stressful that it exacerbated her medical conditions.

30. At all relevant times herein, Plaintiff was able to perform all the essential functions of her job.

31. On July 31, 2000, Plaintiff applied for and was granted disability leave for two months. During that time she underwent a partial hysterectomy.

32. At the end of the aforementioned leave period, Dun & Bradstreet attempted to retroactively deny the leave as not medically necessary, and attempted to obtain reimbursement of benefits from Plaintiff.

33. Each of the Individual Defendants were aware of her medical conditions and her repeated requests for an accommodation to be transferred out of the RMO Dialer System Department to an Inbound Team or less stressful account.

34. Plaintiff requested these transfers knowing that positions were available.

35. Each time Plaintiff made her requests Plaintiff was told by Defendants McPherson, Crowther and Maxwell that her production was not good and that Plaintiff would be transferred "as soon as you get your numbers up." These requirements were arbitrary and changed often.

36. In fact, Plaintiff's production was comparable to the production of other non-disabled employees, yet the standards by which Plaintiff's performance were judged were more onerous than that of other employees outside of the protected

class.

37. The other employees outside of the protected class were not discharged or disciplined for similar production numbers.

38. McPherson was openly hostile to Plaintiff's disability and repeatedly questioned her medical conditions and her need for medical treatment.

39. McPherson told Plaintiff that she could not take any more days off for medical treatment or doctor's visits.

40. Defendants did not offered Plaintiff alternatives to time off, i.e. Flex-Time or FMLA, and told Plaintiff she would be fired if she took anymore time off.

41. Plaintiff was forced to file a complaint with Defendant Dun & Bradstreet's Human Resource Department and Daryl Lawson.

42. On several occasions Defendant Crowther told Plaintiff she needed to receive counseling, and that Plaintiff should quit work or be fired.

43. Defendant Crowther told Plaintiff that he needed "happy people" working for him and that Dun & Bradstreet was not for her.

44. When Plaintiff protested that she had a disability and that other people were receiving preferential treatment, Crowther stated that it didn't matter that Plaintiff was ill or what her other co-workers were allowed to do.

45. Plaintiff told Crowther that she thought there was a double standard when it came to her, to which Crowther responded that Plaintiff should not be

concerned with what everyone else can get but to focus only on herself.

46. Eventually, the amount of times Plaintiff was threatened with termination increased from monthly to weekly.

47. In response to Plaintiff's constant requests for accommodation, Defendant Dun & Bradstreet's employee, Will Fernandez, Team Leader, told Defendant McPherson that Plaintiff could work for him, but this was ignored by McPherson.

48. On or about March 12, 2001, Plaintiff was summoned to meet with Defendants DePrefontaine and McPherson at 12 Noon and was told she was terminated and had 30 minutes to leave the building.

49. Plaintiff was further instructed to leave before other employees returned to ask questions and so that she would not "become a disturbance."

50. As a direct and proximate result of Dun & Bradstreet's conduct, Plaintiff has suffered damages due to pain, suffering, mental anguish, fear, anxiety, sleeplessness, humiliation and severe emotional, psychological and physical distress.

51. As a direct and proximate result of Dun & Bradstreet's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and earnings in excess of One Hundred Thousand Dollars ($100,000.00).

52. As a direct and proximate result of Dun & Bradstreet's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of future income, benefits, earnings and earnings capacity in excess of One Hundred Thousand Dollars ($100,000.00).

53. As a direct and proximate result of Dun & Bradstreet's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered mental anxiety, anguish, distress, humiliation, and sleeplessness, which damages exceed One Hundred Thousand Dollars ($100,000.00).

54. Plaintiff seeks reinstatement to her former position, together with back pay, compensatory and other damages set forth herein.

55. Defendant Dun & Bradstreet's aforesaid actions were outrageous, egregious, preposterous, malicious, intentional, willful, wanton and in reckless disregard of Scott's rights, entitling Scott to punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

COUNT I
ELAINE SCOTT
v.
DUN & BRADSTREET
<u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>

56. Paragraphs 1 through 55 inclusive, are incorporated by reference as if fully set forth at length herein.

57. At all times relevant herein, Scott was regarded as disabled by Defendants.

58. At all times relevant herein, Scott suffered from a condition that limits major life activities, including but not limited walking, carrying weight, exercising, climbing stairs, concentration and thinking. In addition, Plaintiff took medication in an effort to alleviate the signs and symptoms of her disabling conditions, which themselves limited her in important major life activities such as thinking, concentrating, sexual functioning and metabolism.

59. Scott was able to perform all of the essential functions of the position of Application Specialist without accommodation.

60. Scott required and requested accommodation in the form of an altered work assignment due to her medically necessary transportation carrier.

61. Defendant was not prevented from accommodating Plaintiff by any rule or regulation of any governmental agency.

62. Plaintiff's requested accommodation would not have imposed an undue hardship upon Defendant, and therefore they were required as a matter of law to grant the requested accommodation.

63. Even if the requested accommodation could be said to have imposed an undue burden on Defendant, it failed to engage in an interactive process to formulate a reasonable accommodation based upon Plaintiff's needs.

64. While they denied Plaintiff her requested reasonable accommodation, Defendants granted the better working conditions and assignments to person

without disabilities who were otherwise similarly situated as Plaintiff.

65. Dun & Bradstreet intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Scott who had a disability.

66. By its actions and inactions through its agents, servants and representatives, Dun & Bradstreet created, maintained and permitted to be maintained a work environment which was hostile to persons such as Plaintiff who have or are perceived as having a disability.

67. On or about March 12, 2001, as a direct result of Plaintiff's disability, Defendant terminated Plaintiff's employment.

68. Defendants' aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Scott's rights, entitling Scott to punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

COUNT II
ELAINE SCOTT
v.
DUN & BRADSTREET
RETALIATION UNDER THE ADA

69. Paragraphs 1 through 68 inclusive, are incorporated by reference as if fully set forth at length herein.

70. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under the Americans with Disabilities Act in violation of the

Act.

71. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

## COUNT III
## ELAINE SCOTT
## v.
## ALL DEFENDANTS
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

72. Paragraphs 1 through 71 inclusive, are incorporated by reference as if fully set forth at length herein.

73. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa.C.S.A. §951 *et seq.* of the Pennsylvania Human Relations Act. The unlawful practices for which Defendants are liable to Scott include, but are not limited to, discriminating against Scott because of her disability, forcing Scott out of her employment with Dun & Bradstreet because of her disability.

74. At all times material hereto, the Individual Defendants aided and abetted the discriminatory conduct of Defendant Dun & Bradstreet.

75. As a direct result of the Defendants' willful and unlawful actions in treating Scott in a discriminatory manner solely because of her disability, in violation of Title 43 Pa.C.S.A. § 951 *et seq.* of the Pennsylvania Human Relations Act, Scott has sustained severe emotional distress, loss of earnings, plus the value of benefits,

plus loss of future earning power, plus back pay, front pay and interest due thereon.

COUNT IV
ELAINE SCOTT
v.
ALL DEFENDANTS
<u>RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT</u>

76. Paragraphs 1 through 75 inclusive, are incorporated by reference as if fully set forth at length herein.

77. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of the Act.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

COUNT V
ELAINE SCOTT
v.
ALL DEFENDANTS
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

79. Paragraphs 1 through 78 inclusive, are incorporated by reference as if fully set forth at length herein.

80. Defendants' conduct was intentional, reckless, extreme and outrageous.

81. As a direct result of Defendants' conduct, Scott suffered extreme emotional

distress.

## COUNT VI
## ELAINE SCOTT
## v.
## DUN & BRADSTREET
## DISCRIMINATION IN VIOLATION OF ERISA
## 29 U.S.C. § 1140

82. Paragraphs 1 through 81 inclusive, are incorporated by reference as if fully set forth at length herein.

83. Defendants' action in refusing to continue to employ Plaintiff was for the purpose of depriving Plaintiff of her rights to employee benefits in violation of 29 U.S.C. § 1140.

## COUNT VII
## ELAINE SCOTT
## v.
## DUN & BRADSTREET
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. §2901, *et seq*

84. Paragraphs 1 through 83 inclusive, are incorporated by reference as if fully set forth at length herein.

85. The actions of the Defendant as set forth above violate 29 U.S.C. § 2914(a)(1)&(2), prohibiting any alteration in pay, benefits, and other employment terms and conditions following FMLA leave.

86. The actions of the Defendant as set forth above violate the FMLA's prohibition against retaliation against an employee for taking FMLA leave.

87. Defendant's policy of requiring its employees to obtain certification of the need

for FMLA leave from an agency selected by Defendant or its insurer is unauthorized by the statute and is a *per se* violation of the FMLA.

### STATEMENT OF FACTS JUSTIFYING THE IMPOSITION OF PUNITIVE AND LIQUIDATED DAMAGES

88. Paragraphs 1 through 87 inclusive, are incorporated by reference as if fully set forth at length herein.

89. At all times relevant hereto, Defendant Dun & Bradstreet knew or should have known of the pattern of conduct in which the Individual Defendants had engaged and in which they continued to engage.

90. At all times relevant hereto, Defendant Dun & Bradstreet knew or should have known that the aforesaid pattern of conduct was in violation of the law.

91. At all times relevant hereto, Defendant Dun & Bradstreet acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

92. Plaintiff therefore demands punitive damages under the ADA and Pennsylvania Common law.

93. Plaintiff further demands liquidated damages under the FMLA and ERISA.

### V. PRAYER FOR RELIEF

94. Paragraphs 1 through 93 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Scott, respectfully request the Court to:

   a. Exercise jurisdiction over her claim;

   b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

   c. Award Scott compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for her mental, psychological and emotional injuries, anguish, humiliation, anxiety, physical and mental pain and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Defendants' discriminatory and tortious conduct;

   d. Reinstate Scott to her former position together with back pay and compensatory damages;

   e. Award Scott, her attorneys' fees and costs; and

   f. Grant such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, Elaine Scott, demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By: _____
GEORGE S. KOUNOUPIS, ESQUIRE

By: _____
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Elaine Scott

DATE: July 3, 2002