IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-4447 |
| | : | |
| DUN & BRADSTREET, CORP., KATHY MCPHERSON, TODD DEPREFONTAINE, STEVEN CROWTHER and BRUCE MAXWELL | : : : | JURY TRIAL DEMANDED |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DUN & BRADSTREET, KATHY McPHERSON, TODD DEPREFONTAINE, STEPHEN CROWTHER AND BRUCE MAXWELL

Defendants Dun & Bradstreet, Inc. ("D&B"), Kathy McPherson ("McPherson"), Todd DePrefontaine ("DePrefontaine"), Stephen Crowther ("Crowther"), and Bruce Maxwell ("Maxwell") (hereinafter referred to jointly as "Defendants"), by their undersigned attorneys, hereby respond to the Complaint. In response to the Preliminary Statement, defendants deny that they discriminated or retaliated against plaintiff, or that they failed to accommodate a known disability of plaintiff. The remainder of the Preliminary Statement states conclusions of law to which no responsive pleading is required.

1. It is admitted that plaintiff purports to invoke the jurisdiction of this Court on the grounds stated. The remainder of paragraph 1 states legal conclusions to which no responsive pleading is required.

2. It is admitted that the plaintiff purports to invoke the supplemental jurisdiction of this Court on the grounds stated. The remainder of paragraph 2 states legal conclusions to which no responsive pleading is required.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3; therefore, they are denied.

845310v1

-2-

  4. Admitted except that plaintiff was not employed as an Applications Specialist at all relevant times.

  5. Denied except that D&B does business under the laws of the Commonwealth of Pennsylvania.

  6. It is admitted that McPherson is a resident and citizen of the Commonwealth of Pennsylvania. It is admitted that McPherson was a manager for D&B and that she was acting in her supervisory or managerial capacity at all relevant times. It is denied that McPherson was acting in her personal capacity. The remainder of the paragraph states conclusions of law to which no responsive pleading is required.

  7. It is admitted that DePrefontaine is a resident and citizen of the Commonwealth of Pennsylvania. It is denied that DePrefontaine was a supervisor for D&B at all relevant times. It is denied that he was acting in his personal capacity. The remainder of the paragraph states conclusions of law to which no responsive pleading is required.

  8. It is admitted that Crowther is a resident and citizen of the Commonwealth of Pennsylvania. It is admitted that Crowther was a vice president for D&B and that he was acting in his supervisory or managerial capacity at all relevant times. It is denied that Crowther was acting in his personal capacity. The remainder of the paragraph states conclusions of law to which no responsive pleading is required.

  9. It is denied that Maxwell is a resident and citizen of the Commonwealth of Pennsylvania. It is admitted that Maxwell was a manager for D&B and that he was acting in his supervisory or managerial capacity at all relevant times. It is denied that Maxwell was acting in his personal capacity. The remainder of the paragraph states conclusions of law to which no responsive pleading is required.

845310v1

-3-

    10.    It is admitted that McPherson, DePrefontaine, Crowther, and Maxwell were adult individuals residing and doing business within the jurisdiction of the Eastern District of Pennsylvania. The remainder of the paragraph states conclusions of law to which no responsive pleading is required.

    11. – 14.    Paragraphs 11-14 state conclusions of law to which no responsive pleading is required. To the extent paragraphs 11-14 are deemed to contain any factual averments, they are denied.

    15.    Admitted.

    16. – 19.    Paragraphs 16-19 state conclusions of law to which no responsive pleading is required. To the extent paragraphs 16-19 are deemed to contain any factual averments, they are denied.

    20. – 21.    Denied.

    22.    Admitted.

    23. – 33.    Denied.

    34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34; therefore, they are denied.

    35. – 53.    Denied.

    54.    It is admitted that plaintiff is seeking the relief stated. It is denied that she is entitled to it.

    55.    Denied.

845310v1

## COUNT I
### Violation of the Americans with Disabilities Act
### Against D&B

56. Defendants incorporate their responses to paragraphs 1-55 as if set forth fully herein.

57. – 68. Denied.

## COUNT II
### Retaliation under the ADA
### Against D&B

69. Defendants incorporate their responses to paragraphs 1-68 as if set forth fully herein.

70. – 71. Denied.

## COUNT III
### Violation of the Pennsylvania Human Relations Act
### Against All Defendants

72. Defendants incorporate their responses to paragraphs 1-71 as if set forth fully herein.

73. – 75. Denied.

## COUNT IV
### Retaliation under the Pennsylvania Human Relations Act
### Against All Defendants

76. Defendants incorporate their responses to paragraphs 1-75 as if set forth fully herein.

77. – 78. Denied.

## COUNT V
### Intentional Infliction of Emotional Distress
### Against All Defendants

79. Defendants incorporate their responses to paragraphs 1-78 as if set forth fully herein.

80. – 81. Denied.

## COUNT VI
### Violation of the Employee Retirement Income Security Act
### Against D&B

82. Defendants incorporate their responses to paragraphs 1-81 as if set forth fully herein.

83. Denied.

## COUNT VII
### Violation of the Family and Medical Leave Act
### Against D&B

84. Defendants incorporate their responses to paragraphs 1-83 as if set forth fully herein.

85. – 87. Denied.

## STATEMENT IN OPPOSITION TO
## PUNITIVE AND LIQUIDATED DAMAGES

88. Defendants incorporate their responses to paragraphs 1-87 as if set forth fully herein.

89. – 91. Denied.

845310v1

92. It is denied that plaintiff is entitled to punitive damages.

93. It is denied that plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

94. Defendants incorporate their responses to paragraphs 1-93 as if set forth fully herein.

**WHEREFORE**, Defendants Dun & Bradstreet, Kathy McPherson, Todd DePrefontaine, Stephen Crowther, and Bruce Maxwell request that judgment be entered in their favor, that they be awarded their costs and reasonable attorney fees, and that the Court grant such other and further relief as is just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Workers Compensation Act.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate some or all of the alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendants, at all times, acted in good faith and for legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

845310v1

-8-

**WHEREFORE**, Defendants Dun & Bradstreet, Kathy McPherson, Todd DePrefontaine, Stephen Crowther, and Bruce Maxwell request that judgment be entered in their favor, that they be awarded their costs and reasonable attorney fees, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

Date:   October 15, 2002

_____
Edward T. Ellis (No. 23680)
Beth A. Friel (No. 86548)
Montgomery, McCracken, Walker &
    Rhoads, LLP
Avenue of the Arts
123 South Broad Street
Philadelphia, PA  19109

Attorneys for Defendants
Dun & Bradstreet, Kathy McPherson,
Todd DePrefontaine, Stephen Crowther,
and Bruce Maxwell

-9-

## CERTIFICATE OF SERVICE

I, Beth A. Friel, hereby certify that on the 15th day of October, 2002, I caused a true and correct copy of the Answer and Affirmative Defenses of Defendants Dun & Bradstreet, Kathy McPherson, Todd DePrefontaine, Stephen Crowther, and Bruce Maxwell to be served via U.S. First Class Mail, postage prepaid, upon the following individual at the addresses indicated:

> George S. Kounoupis, Esquire
> Hahalis & Kounoupis, P.C.
> 20 East Broad Street
> Bethlehem, PA   18018
>
> **Attorney for Plaintiff**

_____
Beth A. Friel

Dated: October 15, 2002

845310v1